

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

September 14, 1948

Hon. Sam Lee
County Attorney
Brazoria County
Angleton, Texas

Opinion No. V-682

Re: Authority of Commis-
sioners' Court to fur-
nish automobiles, and
an allowance for their
maintenance, for the
use of individual Com-
missioners in handling
county business.

Dear Sir:

Your letter requesting an opinion reads:

"The County Auditor of Brazoria Coun-
ty propounded to me the following questions:

"(1) Is it legal for the County of
Brazoria to furnish the individual members
of the Commissioners' Court of Brazoria
County, Texas an automobile for their use in
traveling about to take care of county busi-
ness?

"(2) Is it lawful for the County of
Brazoria to furnish the individual members
of the Commissioners' Court the sum of $25
per month for the up keep and maintenance
of cars furnished by the county to the indi-
vidual members of the Commissioners' Court?

"It is my opinion that it is not legal
for the County of Brazoria to furnish indi-
vidual members of the Commissioners' Court
automobiles for their use in transacting
county business and neither is it legal for
the County of Brazoria to pay $25 per month
for the up keep and maintenance of said cars
used by said commissioners.

"This opinion has been excepted to
and also involves the validity of the

statute; therefore, I am requesting your opinion of the two above stated questions."

H. B. 868, Acts 1941, 47th Legislature, p. 394, (Article 2350m, V. C. S., note) provides:

"Section 1.  In any county in this State having a population of not less than twenty-seven thousand and fifty-nine (27,-059) and not more than twenty-seven thousand, one hundred and fifty (27,150), according to the last preceding Federal Census, the Commissioners Court is hereby authorized to allow each County Commissioner the sum of Twenty-five Dollars ($25) per month for traveling expenses while on official business.

"Sec. 2.  The Commissioners Court in said counties is hereby authorized to allow each County Commissioner the use of a separate automobile to be used by the Commissioner in the discharge of official business, said automobile to be purchased by the county in the manner prescribed by law for the purchase of supplies and paid for out of the General Fund of the county."

Brazoria County with a population of 27,069 inhabitants according to the 1940 Federal Census is the only county in the State coming within the population bracket set out in the above Act.  Such Act is applicable only to Brazoria County.

Article III, Section 56 of our State Constitution, provides, in part, as follows:

"The Legislature shall not, except as otherwise provided in this Constitution pass any local or special law, authorizing:

"  .  .  .

"Regulating the affairs of counties, cities, towns, wards or school districts;
.  .  .

The court in the case of Jameson v. Smith, 161 S.W.(2d) 520, writ refused, held unconstitutional an Act

which provides:

> ". . . the Commissioners Court is hereby
> authorized to allow each Commissioner not
> more than the sum of Thirty-five Dollars
> ($35) per month to be paid out of the Road
> and Bridge Fund of each respective Commis-
> sioner's Precinct, for traveling expenses
> and depreciation on the automobile while
> used on official business only and/or in
> overseeing the construction and maintenance
> of the public roads of said counties. Each
> such Commissioner shall pay all expenses in
> the operation of such automobile and keep
> same in repair at his own expense, free of
> any other charge whatsoever to the county."

We quote the following from Jameson v. Smith, supra:

> "At the time the law went into effect
> in 1939, Coleman County was the only county
> in Texas within its provisions. At the pre-
> sent time under the 1940 Federal Census it
> is not within the provisions of the law and
> only Lee County is . . .

> "If it were the desire, purpose and
> intention of the Legislature to pass a
> special road law for Coleman County, it
> could have easily manifested it by pass-
> ing it as such . . .

> "The Acts provided for reimbursement
> or compensation or the equivalent thereof
> for these new and added duties. We under-
> stand the decisions to rest upon that
> ground, and conclude, therefore, if the
> added compensation provided for merely sup-
> plements the compensation as provided by
> general law without by express terms of the
> Act imposing any added and new duties, the
> law merely undertakes to regulate county
> business contrary to the Constitution, Art.
> 3, Sec. 56, and is not a local road law for
> the maintenance of public roads and high-
> ways.

> "The conclusions reached here seem

to be in harmony with what Chief Justice
Phillips said in Altgelt v. Gutzeit, supra,
and quoted by Judge Alexander in Crow v.
Tinner (47 S.W.2d 393): 'No doubt the Leg-
islature, in the passage of local road laws,
may, within proper bounds, provide compen-
sation for extra services to be performed
by those officials * * * where uncontrolled
by general laws and required by such local
laws and directly connected with the main-
tenance of the public roads.' Kitchens v.
Roberts, supra, writ refused, is to the
same effect.

"This law is not limited to the main-
tenance of public roads, nor does it impose
added and new duties not imposed by general
law for which it undertook to provide addi-
tional compensation. For the reasons stat-
ed here we regard it as unconstitutional,
and so hold."

In view of the foregoing it is our opinion that
H. B. 868, Acts 1941, 47th Legislature, p. 394 (Article
2350m, V. C. S., note) is unconstitutional and void. For
additional authorities on this point see authorities cit-
ed in Attorney General's Opinion No. V-225, a copy of
which is enclosed.

According to your inquiry Brazoria County is
operating under the County Optional Road Law of 1947.
However, the Optional Road Law does not contain any pro-
vision relative to the purchase of automobiles for use
by the county commissioners. Therefore, we must look
to the general law to determine whether automobiles may
be furnished the commissioners. In Attorney General's
Opinion No. O-752, it was held:

"You are respectfully advised that it
is the opinion of this department that the
Commissioners' Court in counties operating
under the general road law of this state are
not empowered or authorized to buy automo-
biles, pick-ups or trucks for the county to
be used by the commissioners in the perfor-
mance of their duties as county commission-
ers."

It is our opinion in view of the foregoing that

no automobile may be furnished to the County Commissioners of Brazoria County.

Since no automobile may be furnished the County Commissioners of Brazoria County, it follows in answer to your second question that the Commissioners' Court could not pay its commissioners $25.00 per month for the upkeep and maintenance of such cars.

## SUMMARY

An act providing that any county having a population of between 27,059 and 27,150 may purchase automobiles for County Commissioners is unconstitutional as a local or special law. Art. III, Sec. 56, Const. of Texas; Jameson v. Smith, 161 S.W. (2d) 520, writ refused.

The Commissioners' Court of Brazoria County operating under the County Optional Road Law of 1947 is not empowered or authorized to purchase automobiles for the county to be used by the commissioners in the performance of their official duties.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By John Reeves
John Reeves
Assistant

JR:mw

APPROVED:

ACTING ATTORNEY GENERAL